### 15007.  NANCE v. THE STATE.

BROYLES, C. J.  1. Conceding (but not deciding) that under the facts of the case the jury should have been instructed, even without a timely and appropriate written request, that in reaching their verdict they could consider any disparity in the size and strength of the defendant and the person alleged to have been stabbed by him, if any such disparity had been shown by the evidence (*Strickland* v. *State*, 98 *Ga.* 84, 25 S. E. 908; but see *Alexander* v. *State*, 118 *Ga.* 26 (3), 28, 44 S. E. 85; *Barnes* v. *State*, 24 *Ga. App.* 373 (6), 100 S. E. 788), it appears from the record that the jury must have understood, from the charge of the court and the colloquy between the court and defendant's counsel, that they had the authority to consider the relative sizes and strength of the defendant and the person alleged to have been stabbed.  This being true, and there having been no written request for a specific charge on the subject, there was no harmful error on the part of the court.

2. The excerpts from the charge of the court, complained of, when considered in connection with the entire charge and the facts of the case, contain no material error.

3. The verdict was authorized by the evidence, and the overruling of the motion for a new trial was not error.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 13, 1923.  REHEARING DENIED DECEMBER 5, 1923.

Indictment for assault with intent to murder; from Catoosa superior court—Judge Tarver.  August 25, 1923.

The accused was convicted of the offense of stabbing.  The first paragraph of the foregoing decision relates to the following ground of the motion for a new trial:  "The court erred in failing and refusing to charge the law as to the inequality between the relative size of movant and Henry Rollins, as orally requested by movant's counsel when the case was being submitted to the jury.  The following occurred with reference to this: Mr. Maddox [counsel for

movant] : 'I ask your honor to charge the jury the law with reference to their relative size, that they may take into consideration the difference in the size and strength of the parties.' The Court: 'I have charged the jury on that broadly that if at the time of the cutting—if he cut and stabbed Henry Rollins—he was acting under the belief of a reasonable man that it was necessary to use the amount of force that he did use, in order to protect himself from an assault being attempted upon him by Henry Rollins at the time, and he used no greater degree of force than would have appeared to a reasonable man to be necessary under those circumstances, he would not be guilty of any offense. That necessarily includes within it what you have said, Mr. Maddox, and all the circumstances surrounding the transaction.' Movant insists that this statement of the court did not present for the consideration of the jury the law with reference to the physical inequality between the relative size and strength of these combatants; movant insists that what the court stated in effect excluded from the consideration of the jury this request of movant's counsel. Movant insists that the law in this respect should have been given to the jury although no written request was made therefor, because under the facts in evidence this charge was demanded, the same being the law of the case as shown by the evidence."

*Maddox, McCamy & McFarland,* for plaintiff in error.
*J. M. Lang, solicitor-general,* contra.